## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cr-00367-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| KOLIO SEVOV, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Kolio Sevov's ("Defendant's") Motion for Production of Documents, (ECF No. 120).  The Government filed a Response, (ECF No. 121). Defendant did not file a reply.  For the reasons discussed below, the Court **DENIES** Defendant's Motion.

In the instant Motion, Defendant requests that the Government produce, permit, or make available for inspection and photocopying "[his] discovery as well as any evidence or paperwork pertaining to [his] current federal hold detainer and a copy of his psi/psr" pursuant to Rule 34 of the Federal Rules of Civil Procedure. (Mot. Production Documents, ECF No. 120).  As a preliminary matter, the Federal Rules of Civil Procedure do not govern criminal cases. *See* Fed. R. Civ. P. 1 ("these rules govern the procedure in all civil actions and proceedings in the United States district courts"); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one.").  This case concerns Defendant's criminal offenses.  Furthermore, Defendant did not file a petition for writ of habeas corpus under 28 U.S.C. § 2255. *See* Fed. R. Civ. P. 81(a)(4) (allowing a special exception in which the Federal Rules of Civil Procedure

"apply to proceedings for habeas corpus").  Therefore, because Defendant bases his request on an inapplicable rule, the Court denies Defendant's Motion.

Even if the Court could order discovery in this case, there is no active proceeding in which discovery would be relevant.  On September 4, 2012, Defendant pleaded guilty to the federal offense of conspiracy to possess with intent to distribute oxycodone hydrochloride. (Plea Agreement 2:4–11, ECF No. 48).  On March 21, 2013, the Court sentenced Defendant to seventy months in custody and three years of supervised release. (Min. Proceedings, ECF No. 67).  While Defendant filed a Notice of Appeal, the Court on October 28, 2013 dismissed Defendant's Notice of Appeal pursuant to the Ninth Circuit's Order dismissing the appeal. (Order Mandate, ECF No. 78).  On July 2, 2018, Defendant filed a Motion to Modify Conditions of Supervised Release, which this Court denied. (Mot. Modify Conditions Release, ECF No. 109); (Order Denying Mot. Modify Conditions Release, ECF No. 111).  Accordingly, there are no pending proceedings in this case and the time for filing a petition for writ of habeas corpus under 28 U.S.C. § 2255 has expired. *See* 28 U.S.C. § 2255.  Defendant, therefore, is not entitled to any discovery and his request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** Defendant's Motion for Production of Documents, (ECF No. 120).

**DATED** this __21__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court